UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABL VENTURE CAPITAL, LLC, and OS RESEARCH,
LLC

                      Plaintiffs,                      **MEMORANDUM AND ORDER**
                                                                                   13-CV-3185 (RRM) (LB)

   - against -

IGOR SHMUKLER, THINOMENON, INC., and
GENNADY MEDNIKOV,

                      Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

        Before the Court is the Report and Recommendation of Magistrate Judge Lois Bloom (R&R, Doc. No. 104), which recommends denying plaintiffs' motion for substitute service on defendant Igor Shmukler, and dismissing Shmukler from this action without prejudice. Plaintiffs object to those recommendations. (Objections (Doc. No. 105).) For the reasons set forth below, the objections are overruled, the R&R is adopted in its entirety, the motion for substitute service is denied, and defendant Shmukler is dismissed from this action without prejudice.

## BACKGROUND

### I. Procedural History

        The Court assumes the parties' familiarity with the extensive factual and procedural background of this case, now in its sixth year of litigation. On June 4, 2013, predecessor counsel to plaintiffs filed the original complaint. It arises from defendants' alleged use of software and other properties in violation of an operating agreement they executed with ABL Venture Capital, LLC, which had invested in OS Research, a software developer founded by defendant Igor Shmukler. (Compl. (Doc. No. 1) at ¶¶ 27–38).) In response to orders by Judge Bianco,

predecessor counsel amended the complaint once on October 7, 2014, and current counsel amended the complaint twice, on November 4, 2016, and again on December 20, 2016. During the pendency, plaintiffs have been unable to locate and serve defendant Shmukler, who left the United States for Russia sometime before the commencement of this action. (Compl. at ¶ 37); (Mednikov Dep. (Doc. No. 88-6) at 7–9 (Document pagination) (admitting that Shmukler had moved to Russia.)

On January 31, 2019 – five years after commencement of the case, and over three years after its current counsel first appeared in this action – plaintiffs filed a Motion for Substituted Service on Defendant Igor Shmukler. (Pls.'s Mot. (Doc. No. 88-7).) They argued that, because Russia has stopped completing service of process from U.S. Courts by mail, and because Russia does not permit service by mail under its laws, service was not possible under Federal Rule of Civil Procedure 4(f). (Pls.'s Mot. at 7.)[1] Plaintiffs asked that the Court therefore exercise discretion under 4(f)(3) to permit service "by other means not prohibited by international agreement." Plaintiffs asked the Court to permit service by e-mail (*Id*. at 8–11) or by personal service upon defendant Mednikov and his counsel, arguing that there was ample evidence that Mednikov was in close contact with Shmukler and would be able to convey notice of the lawsuit to him. (*Id*. at 13.) Moreover, plaintiffs argued that Rule 4(m)'s requirement of timely service does not apply to service on an individual in a foreign county. (*Id.* at 12.) Subsequently, on April 12, 2019, defendants Gennady Mednikov and Thinomenon, Inc. served a Rule 26(f) disclosure, which showed that Shmukler was now residing in Ukraine. (Defs.' Further Letter (Doc. No. 102) at 4 (PDF Pagination).) Mednikov and Thinomenon requested a pre-motion conference to present oral arguments, (Letter Mot. (Doc. No. 96)), and, on May 17, 2019, the

---

[1] Unless otherwise indicated, page numbers refer to pagination assigned by the Electronic Case Files (ECF) System.

Court referred both the Motion for Substitute Service and the Motion for a Pre-Motion Conference to Magistrate Judge Lois Bloom.

On May 21, 2019, Judge Bloom held a conference on plaintiffs' Motion for Substitute Service. At that conference, she noted that the case had been pending for six years without service on Shmukler. (Hearing Tr. (Doc. No. 101) at 2–3 (PDF pagination).) She also noted that plaintiffs had not followed up on indications in Mednikov's 2012 deposition that Shmukler sometimes visited the U.S., had not hired an investigator to attempt to locate Shmukler, and had not attempted to find where his phone was registered – in sum, that plaintiffs had made no effort to serve Shmukler. (*Id.* at 3–6.) Judge Bloom therefore denied plaintiffs' motion, and entered an additional order as follows:

> Plaintiffs shall serve defendant Shmukler within sixty (60) days, by July 22, 2019. The Court warns plaintiffs' counsel that, if plaintiffs do not serve defendant Shmukler within 60 days and do not demonstrate significant efforts to serve defendant Shmukler, I shall recommend that this case should be dismissed against Shmukler. Plaintiffs shall file proof of service on Shmukler by July 29, 2019.

Plaintiffs, on July 14, 2019, submitted a half-page letter to the Magistrate Judge which made no attempt to describe the efforts, if any, plaintiffs had made to serve Shmukler, stating only: "Despite a diligent effort to do so, service on defendant Shmukler could not be perfected." (Letter Mot. Requesting Schedule (Doc. No. 98).) Plaintiffs then requested a schedule for briefing a new Motion for Substitute Service. (*Id.*) Responding to a letter of Mednikov and Thinomenon on July 15, 2019, plaintiffs insisted that they could produce proof of attempted service and were "prepared to do so if requested by the Court," but that the proper forum for such proof was a further Motion for Substitute Service. (Pls.'s Further Letter (Doc. No. 100).) In a final exchange of letters, Mednikov and Thinomenon informed the Court that they had already, in April, provided Shmukler's Ukraine address, (Defs.'s Letter 3 (Doc. No. 102)), and

3

defendants replied that they had not yet verified the address and renewed their request to file a Motion for Substitute Service, (Pls.'s Letter 3 (Doc. No. 103.)  Plaintiffs did not, in any of these letters, file any proof service, as previously requested by Judge Bloom.

## II.     The Report and Recommendation

In a Report and Recommendation dated August 20, 2019 (the "R&R"), Judge Bloom recommended that plaintiffs' request for a briefing schedule on a renewed Motion for Substitute Service be denied.  She also recommended, sua sponte, that Shmukler be dismissed from the action without prejudice.  (R&R (Doc. No. 104).)  With respect to the latter recommendation, Judge Bloom found that plaintiffs had failed to show a significant effort justifying lack of service.  First, she held that their assertion in the July 14, 2019 letter, that they had made "diligent efforts" but had been unable to serve Shmukler, did not amount to a "significant showing" that they had attempted service.  (*Id*. at 4 (PDF pagination).)  Second, she found that plaintiffs had made no attempt to serve Shmukler at the Ukraine address provided by defendants.  (*Id*.)  Third, she noted that the July 14, 2019, letter was submitted more than a week prior to July 22, 2019 – the 60-day deadline for attempting service – and inferred that plaintiffs had given up on service before they needed to.  (*Id*.)  Judge Bloom reiterated that she had asked plaintiffs in her May 21, 2019, order to file proof of service or to show cause for failing to serve and had never indicated that she would grant an opportunity to move again for substitute service.  (*Id*.)

In a footnote, Judge Bloom explained that, even though Rule 4(f), for service on a foreign individual, does not incorporate the time limitations of Rule 4(m), 4(m)'s provision for sua sponte dismissal still applies where plaintiffs fail to effectuate service in the foreign country within 90 days.  (See *id*., n. 3.)

**III.     Objections to the R&R**

On September 3, 2019, plaintiffs objected to the R&R recommending dismissal. (Objections (Doc. No. 105).)  In their objections, plaintiffs explained for the first time their efforts to serve Shmukler.  First, according to a report prepared for plaintiffs' predecessor counsel dated May 1, 2014, a process server of Preemptive Process Servers, Inc. had been unable to locate Shmukler at any domestic or foreign address, or by running a New York DMV abstract report, Department of Defense report or New York Board of Elections report.  (*Id*. at 5.) Immediately after the conference with Judge Bloom on May 21, 2019, plaintiffs hired Stephen Hellinger, an experienced private investigator, who concluded that Shmukler was not in the United States, that he owned no property in the United States, and that the Ukrainian address could not be located, although he was able to locate "business interests" of Shmukler's.  (*Id*.) Plaintiffs' objections do not include a declaration from Hellinger, but they append screenshots purporting to contain the results of his report.  These screenshots include: (1) Shmukler's LinkedIn profile, (Ex. C (Doc. No. 105-3) at 1–4); (2) a search from an unknown website, with results for "Igor Shmukler" and "Diophant Technologies," (*id.* at 5–6); (3) a search result from "scorestorybook.ee," a credit reporting website, for Igor Shmukler, (*id.* at 7); (4) Igor Shmukler's software developer profile at GitHub.com (*id.* at 8–11); (5) an additional credit search result from the website Bisnode.ee, (*id.* at 12–18).  Additionally, plaintiffs represent that they sent a person alleged to have "contacts with Ukrainian nationals," Maksim Volkov, to verify the Ukraine address, but he found Igor Shmukler was not associated with that address.  (*Id*. at 5–6.) Plaintiffs also allude to a second investigation, the results of which had not yet been received at the time of the objections.  (*Id*. at 6.)  Plaintiffs then reiterated their contention that Shmukler

was paying for Mednikov's counsel and that Mednikov was taking directions from Shmukler, as he admitted in a 2014 deposition. (*Id*. at 7.)

Plaintiffs also objected to Judge Bloom's interpretation of Rules 4(f) and 4(m), arguing that 4(f) makes the time limit of 4(m) inapplicable. (*Id*. at 6.)

In a supplemental objection, plaintiffs claim that, in "Mednikov's Response to Plaintiffs' Demand for Interrogatories dated August 2, 2019," Shmukler was listed as one of the "individuals answering or assisting in the answering of interrogatories on behalf of defendants," but the supplemental objection does not attach these Interrogatories or otherwise indicate their location in the record. (Supplemental Objections (Doc. No. 107).)

## DISCUSSION

### I.  Standard of Review

The Court reviews objections to a Report and Recommendation de novo. *See United States ex rel. Coyne v. Amgen, Inc.*, 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), *aff'd sub nom. Coyne v. Amgen, Inc.*, 717 F. App'x 26 (2d Cir. 2017). A court will not consider new evidence submitted in the objections unless the party offers compelling reason or justification for the failure to present such evidence to the Magistrate Judge. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020); *see also Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *Abu–Nassar v. Elders Futures, Inc.*, No. 88-CIV-7906, 1994 WL 445638 at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider [new arguments in an objection], it would unduly undermine the authority of the Magistrate Judge by allowing litigants

the option of waiting until a report is issued to advance additional arguments."). In addition, arguments raised in opposition by Mednikov and Thinomenon, will not be considered because they do not have standing to assert the defense of lack of notice on defendant Shmukler's behalf. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010). Judge Bloom dismissed the case sua sponte under Rule 4(m) and not in response to a motion by defendants or any defense asserted by them, and the Court need only consider the face of the R&R and any valid evidence in the record to determine whether dismissal was warranted.

## II. Plaintiffs' Failures to Comply with Rule 4(m) and with Magistrate Judge Bloom's Order

Rule 4(f), governing service in a foreign country, does not itself include any time limit. Rule 4(m), governing service in general, specifies that

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Subdivision 4(m) "does not apply to service in a foreign country under Rule 4(f)." However, "[a]lthough Rule 4(m) creates an exception for service in a foreign country pursuant to subdivision (f) . . . this exception does not apply if . . . the plaintiff did not attempt to serve the defendant in the foreign country." *USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005)); *see also Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (finding 4(f) inapplicable and applying time limit of 4(m) where the plaintiff "ha[d] not exactly bent over backward to effect service" in the foreign country.)

Here, there was no attempt within 90 days of the filing of the complaint to serve the defendant in a foreign country. Plaintiffs' attempt to assert the investigation of their predecessor counsel is unavailing. That investigation apparently included only a background check and other

investigations focused on the United States, including a check with the Department of Defense and New York Board of Elections.  However, predecessor counsel knew, apparently as early as 2012, that Shmukler was no longer resident in the United States, yet never attempted to serve him abroad.  Current counsel made no further attempt to serve Shmukler or ascertain his whereabouts when they took over the case in November 2014, or on either of the two occasions that counsel amended the complaint.  (Mednikov Dep. at 7–9 (document pagination), (Compl. at ¶ 37).)  Judge Bloom was entirely correct in recommending that the claims against Shmukler be dismissed without prejudice pursuant to Rule 4(m).  Not only did plaintiffs not "bend over backwards" to effect service, *Montalbano*, 766 F.2d at 740, but the investigative efforts in evidence were utterly perfunctory and cursory, with nothing done to expand that effort once counsel knew that Shmukler was residing abroad.

  Before issuing her recommendations, however, Judge Bloom generously granted plaintiffs one more chance either to serve Shmukler at his foreign abode or to demonstrate "diligent efforts" to do so.  In response, plaintiffs made no showing of any effort to serve Shmukler.  Instead, approximately one week before the deadline for service had run, plaintiffs sent a half-page letter containing the entirely conclusory assertion that "[d]espite a diligent effort to do so, service on defendant Shmukler could not be perfected." (Letter Mot. Requesting Schedule (Doc. No. 98).)  Judge Bloom was correct in disregarding this unsupported assertion and in recommending dismissal of the claims against Shmukler.

  Plaintiffs now assert, *for the first time in their objections*, what they claim are attempts to serve Shmukler.  However, plaintiff never provided this information to Magistrate Judge Bloom, nor explained why they did not do so.  Most important, the information belatedly provided, even

8

if it were to be considered, does not offer any reason to overturn Magistrate Judge Bloom's recommendations.

In their eleventh hour submission, plaintiffs describe attempts by a certain individual with contacts in Ukraine to ascertain Shmukler's whereabouts there. However, these assertions are unsworn, and as such, hold little, if any, weight. Plaintiffs also append screenshots apparently gathered by what plaintiffs claim is an experienced private investigator, Stephen Hellinger, yet once again, these assertions are unsworn. Most important, these appear to be screenshots of publicly available websites, easily replicated through a few web searches. As such, they hardly demonstrate significant effort to find the whereabouts of Shmukler, and could have easily been undertaken long ago. Plaintiffs also point to a third investigation, of unknown scope, using unknown methods, that they claim was outstanding at the time of plaintiffs' objections. Nor did plaintiffs append as an exhibit the Interrogatories which, they claim, proves that Shmukler is closely involved in the case, and therefore proves that service on Mednikov or his counsel would suffice.

Whether alone or taken together, and even assuming they are true, these threadbare showings hardly give rise to good cause to excuse the lack of service to date, or to extend the time for service. Nor does plaintiffs' belated unsworn and unsupported proffer justify their failure to undertake these steps earlier, or raise evidence of them with Judge Bloom, particularly after generous allowances by Judge Bloom made clear both in court and in her order, and six years after this action was filed. As such, the Court therefore will not consider this information, and even if it did, finds it insufficient under the requisites of Rule 4.

## CONCLUSION

For the foregoing reasons, plaintiffs' objections to Magistrate Judge Bloom's Report and Recommendation are overruled, and the Report and Recommendation is adopted in its entirety. Plaintiffs' motion for substitute service is denied, and defendant Shmukler is dismissed from this action without prejudice.

This action is recommitted to Magistrate Judge Bloom for all remaining pretrial matters.

.

SO ORDERED.

Dated:  Brooklyn, New York　　　　　　　*Roslynn R. Mauskopf*
　　　　November 26, 2020

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　ROSLYNN R. MAUSKOPF
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge