UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**ABL VENTURE CAPITAL, LLC** and **OS**                      :
**RESEARCH, LLC**,                                           :
                                                             :
                   Plaintiffs,   :  **MEMORANDUM DECISION AND**
                                                             :  **ORDER**
            – against –                             :
                                                             :  13-CV-3185 (AMD) (LB)
                                                             :
**THINOMENON, INC.** and **GENNADY**                         :
**MEDNIKOV**,                                                :
                                                             :
                   Defendants.   :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Pending before the Court is the defendants' motion to dismiss the action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 115.) For the reasons stated below, the defendants' motion is granted.

## BACKGROUND

Familiarity with the extensive factual and procedural history of this case, which is now nine years old, is assumed. ABL Venture Capital, LLC, OC Research, LLC and Barry Leon[1] (the "plaintiffs") brought this action on June 4, 2013, asserting common law and statutory claims against Igor Shmukler,[2] Thinomenon, Inc. and Gennady Mednikov (the "defendants") based on their alleged breach of contract and misappropriation of property owned by OS Research. (ECF No. 1.) The plaintiffs amended the complaint three times: on October 7, 2014, November 4,

---

[1] On September 8, 2017, the plaintiff Leon was dismissed from the action for lack of standing. (ECF Nos. 79, 80.)

[2] On November 30, 2020, then-Chief Judge Roslynn R. Mauskopf adopted Magistrate Judge Lois Bloom's report and recommendation, which recommended dismissing Shmukler, the lead defendant, from the action pursuant to Federal Rule of Civil Procedure 4(m) due to the plaintiffs' failure to show proper proof of service on Shmukler or good cause for why he was not served. (ECF Nos. 104, 114.)

2016 and again on December 20, 2016.  (ECF Nos. 26, 69, 72.)  The defendants answered on October 24, 2017.  (ECF Nos. 82, 83.)

Since the defendants answered the third amended complaint ("TAC"), the plaintiffs have prosecuted this case in fits and starts, resulting in extended periods of delay.  After October 24, 2017, the case lay dormant for more than a year until Magistrate Judge Anne Y. Shields issued an order on December 18, 2018, directing the parties to appear for an initial conference in March 2019.  (ECF No. 84.)

On December 19, 2018, the defendants requested a pre-motion conference for an anticipated motion to dismiss for failure to prosecute.  (ECF No. 85.)  In their letter, the defendants highlighted that the plaintiffs had taken no action since the defendants answered the TAC in October 2017.  (*Id.*)  In addition, the defendants pointed out that the plaintiffs had not tried to serve Shmukler or move for alternate service in the five-plus years that the action was pending.  (*Id.*)  Citing Shmukler's relocation from New York to Russia, the plaintiffs responded by requesting leave to file a motion for substituted service on Shmukler.  (ECF No. 86.)  Following a January 7, 2019 status conference with then-District Judge Joseph F. Bianco (ECF No. 87), the plaintiffs moved before then-Chief Judge Mauskopf to serve Shmukler by alternate means pursuant to Federal Rule of Civil Procedure 4(f)(3).  (ECF No. 88.)[3]  At the time, the defendants decided not to file a motion to dismiss for failure to prosecute.  Judge Mauskopf referred the plaintiffs' motion to Magistrate Judge Bloom on May 17, 2019.

In an order dated May 21, 2019, Judge Bloom determined that the plaintiffs' motion for substituted service was unsupported by the record, which showed that "plaintiffs [] failed to make any effort on their own to effectuate service."  Nevertheless, Judge Bloom gave the

---

[3] After Judge Bianco's elevation to the Second Circuit, the case was reassigned to then-Chief Judge Mauskopf on April 5, 2019.  The case was reassigned to me on June 30, 2021.

plaintiffs another chance, and warned them that the case would be dismissed against Shmukler if the plaintiffs did not serve him or show significant efforts to serve him within sixty days. (*Id.*) When the plaintiffs did not do so within the allotted time, Judge Bloom issued a report and recommendation, in which she recommended dismissing the action against Shmukler without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 104.) On November 30, 2020, in adopting Judge Bloom's report and recommendation and overruling the plaintiffs' objections (ECF Nos. 105, 107), Judge Mauskopf held that the plaintiffs' limited and belated efforts to serve Shmukler did not excuse the lack of service in the six years the action had been pending, "particularly after generous allowances by Judge Bloom made clear both in court and in her order[.]" (ECF No. 114 at 9.)

While the issue concerning substituted service was pending, on January 10, 2020, the defendants requested a pre-motion conference for an intended motion for summary judgment. (*See* ECF No. 109.) The plaintiffs did not respond.[4] Instead, the plaintiffs filed a status report on September 29, 2020 that acknowledged the defendants' January 10, 2020 request, but did not explain their lack of response other than noting that "[u]pon information and belief, the Court has not responded to Defendants' most recent request." (ECF No. 110 at 2.)[5] To date, the plaintiffs have not responded substantively to the defendants' request for a pre-motion conference.

---

[4] Judge Mauskopf's Individual Practices and Rules III.A.2 provide that a party served with a letter request for a pre-motion conference "may serve and file a letter response, not to exceed three (3) pages, within five (5) days of service of the letter requesting a pre-motion conference."

[5] Neither Judge Bloom nor Judge Mauskopf requested a status report. Moreover, the plaintiffs sent the report to Magistrate Judge Shields, who had asked for a status update in an action related to this one, involving confirmation of an arbitration award against Shmukler. *See Leon v. Shmukler*, No. 14-cv-7140 (E.D.N.Y.). The plaintiffs then refiled a letter correctly addressed to Judge Bloom. (ECF No. 112.)

In their September 29, 2020 status report and in their subsequent October 1, 2020 letter to Judge Bloom, the plaintiffs referred to so-called "outstanding" matters, including their motion for alternate service on Shmukler—Judge Mauskopf had not yet adopted Judge Bloom's report and recommendation—and the plaintiffs' purported need to conduct depositions, (ECF Nos. 110, 112), even though the deadline for depositions had passed a year earlier;[6] the plaintiffs did not explain why they should be permitted to take depositions after that date. (*Id*.) The defendants noted that the plaintiffs had not responded to their January 10, 2020 request for a pre-motion conference. (ECF No. 111 at 3; ECF No. 113 at 1.) Citing the plaintiffs' inactivity since September 2019, the defendants concluded their letter responses by asking the Court to dismiss the case for failure to prosecute. (ECF No. 111 at 3; ECF No. 113 at 2.)

The plaintiffs did not file anything else, or take additional action. Judge Bloom issued an order dated July 27, 2021 directing the parties to appear for a status conference to discuss the case and the related action, *Leon v. Shmukler*, No. 14-cv-7140 (E.D.N.Y.). During the conference held on August 19, 2021, the Court reminded the parties that discovery had been closed since February 1, 2020, and granted the defendants leave to file this motion for failure to prosecute.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." It is well established that this rule "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of*

---

[6] Fact discovery closed on September 27, 2019, and the deadline to submit a joint proposed pre-trial order was February 1, 2020. (*See* ECF Nos. 91, 92; *see also* Aug. 19, 2021 Order ("Discovery in this case has been closed since February 1, 2020.").)

*Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quoting *Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).  In deciding whether to dismiss a case pursuant to Rule 41(b), the Court considers five factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration, (2) whether the plaintiff was on notice that further delay would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard and (5) whether the court has adequately considered a sanction less drastic than dismissal.  *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  No one factor is dispositive.  *Id.*

## DISCUSSION

These factors favor dismissal of the case.  First, the plaintiffs' inaction at various stages of this nine-year-old case has caused considerable delay.  The first period of inactivity occurred between October 2017, when the defendants answered the TAC, (ECF Nos. 82, 83), and December 2018, when the plaintiffs requested leave to file a motion for substituted service on Shmukler, (ECF No. 86).  During this time, the plaintiffs made limited, if any, efforts to move the case forward.[7]  This period of inactivity would in all likelihood have continued had the defendants not requested a pre-motion conference for an intended motion to dismiss for failure to

---

[7] The plaintiffs do not deny that there was "inactivity in the Court" during this time; instead, they claim that they "used that time to attempt to locate the defendant." (ECF No. 118-11 at 5.)  As Judge Mauskopf found in her November 30, 2020 decision, the plaintiffs were not diligent in attempting to serve Shmukler during periods that encompassed the period from October 2017 to December 2018.  (*See* ECF No. 114 at 8-9.)  The plaintiffs also cite the death of the plaintiffs' counsel's fiancé in February 2017. (ECF No. 118-11 at 6.)  The Court sympathizes with counsel in what was undoubtedly a devastating event.  But the plaintiffs do not explain how that tragedy justifies the period of inactivity in question.

prosecute, (ECF No. 85), prompting Judge Bianco to schedule a status conference for January 2019. (Dec. 27, 2018 Scheduling Order; Jan. 7, 2019 Minute Entry.)

Since then, the plaintiffs have caused additional delays that have spanned years. After the plaintiffs responded to the defendants' discovery requests in August 2019, the record establishes that the plaintiffs were generally unresponsive, and did little to advance the case. The plaintiffs did not respond to the defendants' deficiency letter, did not identify an expert or produce an expert report by the deadline, did not respond to the defendants' January 10, 2020 request for a pre-motion conference and did not communicate with the defendants about submitting a joint-proposed pretrial order by the February 1, 2020 deadline. (ECF No. 115-9 at 9-10.) The plaintiffs concede that after the exchange of discovery, "there were outstanding discovery issues by both parties that were never addressed with the Court." (ECF No. 118-11 at 7.) They do not, however, explain why they did not raise those issues with the defendants or the Court. Instead, the plaintiffs seem to blame "the lapse of activity . . . after the exchange of written discovery" on the COVID-19 pandemic. (*Id.* at 2, 7.) This claim ignores that the lapse in activity started in August 2019, six months before the pandemic began in the United States in March 2020. The plaintiffs do not identify any actions they took to prosecute their case during this six-month period.

Another period of inactivity occurred between November 30, 2020, when Judge Mauskopf issued her opinion dismissing claims against Shmukler (ECF No. 114), and July 27, 2021, when Judge Bloom directed the parties to appear for a status conference on August 19, 2021. (July 27, 2021 Order.) Since the August 19, 2021 conference, the plaintiffs have taken no further action in this case, except to oppose the defendants' motion for failure to prosecute. (ECF No. 118.)

I find these delays more than sufficient to satisfy the first factor. "[F]ailure to prosecute under Rule 41(b) can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Zappin v. Doyle*, 756 F. App'x 110, 112-13 (2d. Cir. 2019) (internal quotation marks and citation omitted). At various stages of this case, the plaintiffs have either failed to act, or done the bare minimum, leaving the case pending for years without substantial progress. *See id.* at 112 (delay of 49 days can favor dismissal); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (delay by plaintiff can warrant dismissal of a case "after merely a matter of months"); *Juliao v. Charles Rutenberg Realty, Inc.*, No. 14-CV-0808, 2018 WL 5020167, at *8 (E.D.N.Y. July 23, 2018) (dismissing case where "a closer look at Plaintiff's conduct reveals neither meaningful activity nor adherence to Court directives," despite plaintiff's "flurry of activity over the years" and "personal[] appear[ances] at court conferences"), *report and recommendation adopted*, No. 14-CV-0808, 2018 WL 4502172 (E.D.N.Y. Sept. 20, 2018). The first factor therefore favors dismissal.

Second, the plaintiffs received sufficient notice that a failure to prosecute could result in dismissal. "Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action." *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840, 2021 WL 3742765, at *3 (E.D.N.Y. Aug. 5, 2021), *report and recommendation adopted*, No. 19-CV-1840, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The plaintiffs were first alerted to the possibility of dismissal in December 2018, when the defendants requested a pre-motion conference for an intended motion to dismiss for failure to prosecute. (ECF No. 85.) The plaintiffs were notified again in October 2020 when the defendants submitted letters urging the Court to dismiss the case due to "the second time in the history of this action that Plaintiffs failed to prosecute for over one year." (ECF No. 113 at 2; *see also* ECF

No. 111 at 3 ("[T]his action has been looming against Defendants for seven years while Plaintiffs made no serious effort to move it forward.").) Courts in the Second Circuit have found similar filings by a defendant sufficient to satisfy Rule 41(b)'s notice factor. *See, e.g., Yourman v. Metro. Transp. Auth.*, No. 20-CV-779, 2021 WL 4027014, at *4 (S.D.N.Y. Sept. 2, 2021) (finding that the defendants' letter seeking leave to file a motion to dismiss pursuant to Rule 41(b) was adequate notice of the possibility of dismissal).

Third, additional delay will prejudice the defendants. As explained above, the plaintiffs have let this action linger on multiple occasions, causing delays to an action that is already quite old. Because the plaintiffs have been inactive for long periods without adequate justification, the Court can presume that further delays would be prejudicial. *See Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable." (internal quotation marks and citation omitted)); *Beauford v. Doe #1*, No. 04-CV-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2007) (presuming that further delay would prejudice defendants where plaintiff did not respond to an outstanding discovery request for more than a year). Allowing this case, now in its ninth year of litigation, to move forward would cause prejudice to the defendants.

Fourth, the Court's need to reduce docket congestion outweighs any rights the plaintiffs may have. "Under the fourth factor, a court considers 'the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.'" *Caussade*, 293 F.R.D. at 631 (quoting *Drake*, 375 F.3d at 257); *accord Vidales*, 2021 WL 3742765, at *4. Courts consider whether a plaintiff has been given an opportunity to be heard on the issue of failure of prosecute, and also whether a plaintiff has shown interest in prosecuting its case. *See, e.g., id.* Throughout the lifespan of this case, the Court has given the plaintiffs numerous

opportunities to move the action forward, but the plaintiffs have shown little interest in prosecuting it. For six years, they were not diligent in attempting to serve the lead defendant, even after receiving a generous allowance of 60 additional days. (*See* ECF No. 114.) The plaintiffs have missed deadlines,[8] and have allowed the case to remain dormant, only to reappear intermittently to do the bare minimum. *See Caussade*, 293 F.R.D. at 631 (dismissing case where plaintiff was not in contact with counsel for approximately five months and failed to respond to deposition requests). Because the plaintiffs have shown little interest in pursuing their claims, it would not be an efficient use of the Court's resources to allow this case to stay on the docket for longer than it already has. Accordingly, the fourth factor favors dismissal.

      Finally, as to the fifth factor, dismissal with prejudice is the appropriate sanction. Courts consider "whether lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay," *Drake*, 375 F.3d at 257 (citation omitted), though "courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). The defendants move to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 115-9 at 6, 21; ECF No. 119 at 12.) Dismissal is an appropriate remedy where, as here, the plaintiffs demonstrate little or no interest in litigating their case. *See Vidales*, 2021 WL 3742765, at *4 ("[B]ecause [plaintiffs] have shown no interest in litigating this case, there is no efficacious option but dismissal."); *Juliao*, 2018 WL 5020167, at *8 (finding dismissal with prejudice appropriate because "any lesser sanction will not secure the compliance necessary to move this

---

[8] On April 15, 2019, the plaintiffs sought an extension of time to serve initial disclosures, which were due three days earlier. Although Judge Bloom granted the extension, her order dated April 16, 2019 cautioned counsel that they must "file any future request for an extension of time before the deadline expires."

case forward"). A lesser sanction of dismissal without prejudice is inadequate. The plaintiffs have been given multiple opportunities to move this case forward. As their sporadic conduct over the course of years shows, they do not intend to pursue their claims with any diligence. Moreover, giving the plaintiffs any further opportunities to refile this case—in which they have shown such little interest—would be unfair to the defendants. *See Zappin v. Doyle*, No. 17-CV-8837, 2018 WL 2376502, at *9 (S.D.N.Y. Apr. 10, 2018) (dismissal without prejudice insufficient where "[the Defendants] ought not to have Plaintiff's claims looming over them indefinitely"), *report and recommendation adopted*, 756 F. App'x 110 (2d Cir. 2019). Therefore, the final factor favors dismissal.

## CONCLUSION

For these reasons, the defendant's motion to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) is granted.

**SO ORDERED.**

                                                        s/Ann M. Donnelly
                                                        ANN M. DONNELLY
                                                        United States District Judge

Dated: Brooklyn, New York
          February 4, 2022